IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00660-BNB

DANIEL G. JOHNSON,

Applicant,

v.

SARA M. REVELL,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 30 2008

GREGORY C. LANGHAM
CLE[

## ORDER OF DISMISSAL

Applicant Daniel G. Johnson is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado. Mr. Johnson has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the calculation of his federal sentence.

The Court must construe the Application liberally because Mr. Johnson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Johnson pled guilty to two counts of presentation of false claims to the Internal Revenue Service, and on June 28, 2006, he was sentenced to thirty-three months in prison and thirty-six months of supervised release. *See United States v. Johnson*, No. 03-cr-02505-DCB-GEE (D. Ariz. June 30, 2006). The prison sentence was ordered to be served consecutively to the sentences imposed in the Third Judicial

District Court, Churchill County, Nevada, Case 28775, and Canadian County District Court, El Reno, Oklahoma, Cases CF 2000-353 and CF 2003-518. In the instant action, Mr. Johnson seeks credit against his thirty-three-month federal sentence for the time he spent in custody prior to imposition of that sentence. More specifically, he seeks presentence confinement credit from April 28, 2005, until September 1, 2006, for the time he was in the United States Marshal's custody pursuant to a writ and for the purpose of his then pending federal criminal proceeding.

Mr. Johnson challenged the calculation of his federal prison sentence previously in the United States District Court for the District of Arizona (District of Arizona) in his federal criminal case. *See Johnson*, No. 03-cr-2505-DCB-GEE at Doc. No. 47. The District of Arizona found that Mr. Johnson received credit on his state sentence for the time from April 28, 2005, until September 1, 2006, and that allowing credit for the same time on his federal sentence would result in double credit, which is not allowed under 18 U.S.C. § 3585. *Id.* at 48.

Like the District of Arizona, this Court finds that calculation of a federal prison sentence is governed by § 3585. The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The Attorney General's decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241. Section 3585 provides as follows:

> **(a) Commencement of sentence.**--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

2

**(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

>(1) as a result of the offense for which the sentence was imposed; or

>(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

The District of Arizona found that Mr. Johnson received credit for the time in question on his state sentence. Mr. Johnson fails to assert in the instant action that he was not given credit against his state sentence for the time in question. Applicant is not entitled to double credit against his consecutive thirty-three-month sentence for the same time. "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. The instant action must be dismissed because Mr. Johnson is not entitled to the credit he seeks. Accordingly, it is

ORDERED that the Application is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 29 day of April, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00660-BNB

Daniel G. Johnson
Reg. No. 13449-208
USP - Florence
PO Box 7000
Florence, CO 81226-7000

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/30/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk